ANNIE WEISBERG, Appellant, *v.* MICHAEL ANGELO ELIAS, Respondent.*

First Department, June 23, 1930.

*Stanley S. Groggins* of counsel [*Schneider & Groggins*, attorneys], for the appellant.

*Samuel Sturtz*, for the respondent.

McAVOY, J.  The action is brought upon a guaranty of payment of installments of a mortgage as they became due.

There was a default in payment of an installment and fore-closure action was brought on the entire debt and judgment was entered thereon for a deficiency of $8,000.  The installments are, therefore, all due under the acceleration clause operative on default in one, since the prescribed election was made by the mortgagee and a judgment declares the sum due at once.  Plaintiff offsets the sum realized on the sale in reduction of the debt which the guarantor agreed to pay if his principal did not.

Plaintiff contends that the defendant is liable on his guaranty for the amount of the deficiency judgment.

Defendant urges that he is not liable except for the amount of the installments as they severally would have become due under the mortgage agreement.  This would subordinate the judgment to the mortgage installments which are now merged therein and prevent any recovery on the guaranty, although the judgment declares the

* Revd. and judgment of Trial Term (136 Misc. 376) affd. upon dissenting memorandum by O'Malley, J.  See 255 N. Y. ——.

debt guaranteed due. This is an ingenious device, but the debt may not be avoided by so facile a means.

The judgment appealed. from should be reversed, with costs, and judgment directed in favor of plaintiff with costs.

MERRELL and SHERMAN, JJ., concur; FINCH and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). I am unable to agree with Mr. Justice McAvoy in his construction of the agreement of guaranty. It must be viewed in the light of the circumstances under which it was made. In addition it obviously was prepared by the attorneys for the plaintiff and any ambiguity in its terms must be resolved in favor of the defendant.

At the date of its execution the plaintiff's assignor, hereinafter designated the plaintiff, had commenced an action to foreclose the mortgage predicated upon a default in payment of part of the principal and interest due February 1, 1927, upon which default the plaintiff had elected, pursuant to the terms of the mortgage, to declare the entire amount thereof immediately due and payable.

Under plaintiff's construction of the contract of guaranty, the defendant became immediately liable to pay forthwith, not only the installment of principal and interest due February 1, 1927, but also the full amount of the mortgage. It is most improbable that either of the parties to the contract of guaranty contemplated that such liability arose thereunder, particularly when it is remembered that the only consideration running to the defendant was an extension of time to answer, granted the corporation which was liable under the mortgage and of which the defendant was a fifty per cent stockholder.

It seems to me that a more reasonable construction of the contract requires us to hold that both parties intended that upon the payment of the installment of principal and interest upon which the defendant's default was predicated, no further default would be claimed until the due date of the next installment of principal or interest, subsequent to February 1, 1927. This construction is in harmony with the language of the guaranty whereby the defendant guaranteed " the payment of all *subsequent* installments of said mortgage and interest on their *due dates*." (Italics mine.) The plaintiff, however, continued to prosecute the action of foreclosure predicated upon the default of February 1, 1927, relying upon its exercise of the option to accelerate. By accepting payment from the defendant of the amount of principal and interest due February 11, 927, without prejudice, the plaintiff reserved her rights under the foreclosure suit.

We are not concerned with plaintiff's rights as against the corporation in which the defendant was a stockholder, nor any other party. The defendant, if liable at all, may be held only according to the letter of his agreement.

In this view I vote for affirmance.

FINCH, J., concurs:

Judgment reversed, with costs, and judgment directed for plaintiff, with costs.